UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| **MARILYN MULHALL,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO.:  3:20-cv-846-GNS |
| | ) | |
| **RIVER CITY GLASS AND,** | ) | |
| **MIRROR, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT AND JURY DEMAND**

**I. NATURE OF THE CASE**

1. This is an action brough by Plaintiff, Marilyn Mulhall ("Mulhall"), by counsel, against Defendant, River City Glass and Mirror, Inc. ("Defendant"), for violating the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 *et. seq.* and the Kentucky Civil Rights Act.

**II. PARTIES**

2. Mulhall, at all times relevant to this litigation, resided within Jefferson County, which is within the geographical boundaries of the Western District of Kentucky.

3. Defendant is a corporation that maintains offices and conducts business in the Western District of Kentucky.

1

## III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. § 1331; 28 U.S.C. § 1343; 28 U.S.C. § 1367; and 42 U.S.C. § 12117.

5. Defendant is an "employer" as that term is defined by 42 U.S.C. § 12111(5)(A) and KRS 344.030(2).

6. Mulhall was an "employee" as that term is defined by 42 U.S.C. § 12111(4) and KRS 344.030(5).

7. Mulhall has a "disability" as that term is defined by 42 U.S.C. § 12102(2) and KRS 344.010(4).

8. Mulhall is a "qualified individual with a disability" as defined by 42 U.S.C. § 12111(8) and KRS 344.010(1).

9. Mulhall satisfied her obligation to exhaust her administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission against Defendant alleging discrimination based on her disability. Mulhall received the required Notice of Suit Rights and timely files this action.

10. A substantial part of the events, transaction, and occurrences relevant to this lawsuit arose within the geographical environs of the Western District of Kentucky; thus, venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

11. Mulhall began working for Defendant on or around May 9, 2017 as a Payroll Clerk.

12. Defendant's Business, River City Glass, is owned solely by Susie and Sam Tommie.

13. At all relevant times, Mulhall met or exceeded Defendant's legitimate performance expectations.

14. Mulhall suffers from a disability, as that term is defined by the Americans with Disabilities Act. Mulhall suffers from Anxiety, Chronic Bronchitis, and Chronic Obstructive Pulmonary Disorder (COPD).

15. On or around March 19, 2020, Mulhall informed both owners, Susie and Sam Tommie, that she was at a higher risk for contracting the COVID-19 virus. Mulhall attempted to engage in the interactive process by asking Defendant what their plan was during the pandemic. Sam, one of the owners, stated that the pandemic was, "no worse than the flu" and dismissed Mulhall's worries.

16. On or around March 24, 2020, Mulhall's disability effected one or more of her major life activities when she contracted bronchitis. After taking medication, her condition did not improve.

17. On or around March 31, 2020, Mulhall had a virtual appointment with her physician, who ordered her to self-quarantine as a COVID related precaution for 14 days.

18. For the second time, Mulhall attempted to engage in the interactive process by asking if she could work remotely during the 14-day period to help alleviate any of her job duties being given to someone else. Both owners declined and expressed that they were frustrated with her needing time off.

19. Mulhall asked if Defendant fell under the Families First Coronavirus Response Act ("FFCRA") provisions. In fact, Ms. Tommie , stated that they did not fall under the requirements of the act.

20. In addition to failing to provide Mulhall the information and leave provided by the FFCRA, Defendant failed to post and disseminate any information regarding the FFCRA as required by the Act. Effectively leaving Mulhall in the dark as to what her rights were during the Pandemic.

21. While Mulhall was out on leave for her disability, Ms. Tommie assumed Mulhall's job duties and continued to express her frustration that Mulhall was out on leave.

22. On or around April 13, 2020, Mulhall attempted to return to work following her quarantine. Upon her arrival at work, Mr. Tommie began berating Mulhall with performance issues and false accusations for the very first time. Defendant terminated Mulhall's employment on the same day.

23. Defendant accused Mulhall of stealing time and misappropriating vacation time through a "borrowing system". This "borrowing system" was one designed by Defendant's owner, Ms. Tommie. Ms. Tommie trained Mulhall how to "borrow" PTO time for every employee on payroll. This was a common practice for all

employees. Mulhall was the only employee to ever be punished for utilizing the "borrowing system".

24. Other similarly situated employee were treated more favorably than Mulhall.

25. Defendant's stated reason for termination is pretext for discrimination based on her disability and need for leave.

## V. CAUSES OF ACTION

### COUNT I: VIOLATION OF ADA - DISABILITY DISCRIMINATION

26. Mulhall hereby incorporates by reference paragraphs one (1) through twenty-five (25) of her Complaint as if the same were set forth at length herein.

27. Defendant violated Mulhall's rights as protected by the Americans with Disabilities Act, as amended 42 U.S.C. § 1201 *et. seq.* by discriminating against her based on her actual or perceived disability. Her disability places her in the high-risk category for contracting Covid-19.

28. Mulhall was otherwise qualified for her position.

29. Defendant was aware of Mulhall's disability and regarded her as a disabled employee.

30. Mulhall requested an accommodation.

31. Defendant refused to grant an accommodation.

32. Defendant failed to engage in the interactive process in good faith denying her a reasonable accommodation and terminating her employment.

33. Defendant's actions were intentional, willful, and in reckless disregard of Mulhall's rights as protected by the ADA.

34. Mulhall has been damaged by Defendant's actions.

## COUNT II: VIOLATION OF KCRA - DISABILITY DISCRIMINATION

35. Mulhall hereby incorporates by reference paragraphs one (1) through thirty-four (34) of her Complaint as if the same were set forth at length herein.

36. Mulhall's Anxiety, Chronic Bronchitis, and Chronic Obstructive Pulmonary Disorder (COPD) qualifies as a disability under the KCRA, specifically, KRS 344.010(4) and KRS 344.030(1). Her disability places her in the high-risk category for contracting Covid-19.

37. Mulhall was otherwise qualified for her position.

38. Defendant was aware of Mulhall's disability and regarded her as a disabled employee.

39. Mulhall requested an accommodation.

40. Defendant refused to grant an accommodation.

41. Defendant failed to engage in the interactive process in good faith denying her a reasonable accommodation and terminating her employment.

42. Defendant violated Mulhall's rights as protected by the Kentucky Civil Rights Act by discriminating against her based on her actual or perceived disability.

43. Defendant's actions were intentional, willful, and in reckless disregard of Mulhall's rights as protected by the KCRA.

44. Mulhall has been damaged by Defendant's actions.

### COUNT III: ADA RETALIATION

45. Mulhall hereby incorporates by reference paragraphs one (1) through forty-four (44) of her Complaint as if the same were set forth at length herein.

46. Defendant violated Mulhall's rights as protected by the Americans with Disabilities Act, as amended 42 U.S.C. § 1201 *et. seq.* by discriminating against her based on her actual or perceived disability. Her disability places her in the high-risk category for contracting Covid-19.

47. Defendant was aware of Mulhall's disability and regarded her as a disabled employee.

48. Mulhall engaged in a protected activity under the ADA.

49. Defendant retaliated against Mulhall for exercising her rights under the ADA by terminating her employment.

50. Defendant's actions were intentional, willful, and in reckless disregard of Mulhall's rights as protected by the ADA.

51. Mulhall has been damaged by Defendant's actions.

### COUNT IV: KCRA RETALIATION

52. Mulhall hereby incorporates by reference paragraphs one (1) through fifty-one (51) of her Complaint as if the same were set forth at length herein.

53. Defendant retaliated against Mulhall by terminating her employment after engaging in a protected activity.

54. Defendant's actions were intentional, willful, and in reckless disregard of Mulhall's rights as protected by the KCRA.

55. Mulhall has been damaged by Defendant's actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Marilyn Mulhall, by counsel, respectfully requests that this Court find for Plaintiff and:

1. Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against any employee on the basis of his/her disability;

2. Provide appropriate accommodations to Plaintiff and reinstate her to the position, salary, and seniority level she would have enjoyed but for Defendant's unlawful employment actions, or award her front pay in lieu thereof;

3. Order that the Plaintiff be awarded any back pay she would have earned, including fringe benefits, with related monetary benefits and interest thereon, absent Defendant's unlawful acts;

4. Award the Plaintiff compensatory damages;

5. Award the Plaintiff punitive damages for Defendant's violations of the ADA;

6. Award the Plaintiff her attorneys fees, litigation expenses, and costs incurred as a result of bringing this action;

7. Award the Plaintiff pre- and post-judgement interest on all sums recoverable; and

8 Grant such other relief as may be just and proper.

Respectfully Submitted,

BIESECKER DUTKANYCH & MACER, LLC
By: */s/ Devan A. Dannelly*_____
Devan A. Dannelly, KBA #98470
Andrew Dutkanych
101 N. Seventh Street
Louisville, Kentucky 40202
Telephone:   (502) 561-3484
Facsimile:    (812) 424-1005
Email:         DDannelly@bdlegal.com
                   AD@bdlegal.com
*Attorneys for Plaintiff, Marilyn Mulhall*

## DEMAND FOR JURY TRIAL

Plaintiff, Marilyn Mulhall, by counsel, request a trial by jury on all issues deemed so triable.

Respectfully Submitted,

BIESECKER DUTKANYCH & MACER, LLC
By: */s/ Devan A. Dannelly*_____
Devan A. Dannelly, KBA #98470
Andrew Dutkanych
101 N. Seventh Street
Louisville, Kentucky 40202
Telephone:   (502) 561-3484
Facsimile:    (812) 424-1005
Email:         DDannelly@bdlegal.com
                   AD@bdlegal.com
*Attorneys for Plaintiff, Marilyn Mulhall*